IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FAWAZ EL-SALIM ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No.: 12-cv-661 |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | **Jury Trial Demanded** |
| DEFENDANT. ) | |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Fawaz El-Salim (Hereinafter referred to as "Plaintiff" and/or "Mr. El-Salim") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Portfolio Recovery Associates, LLC, is a limited liability corporation organized under the laws of the State of Virginia (Hereinafter referred to as "Defendant" and/or "PRA").

7. Defendant is subject to the jurisdiction and venue of this Court.

8. Defendant may be served by personal service upon its registered agent, to wit:

> National Registered Agents, Inc.
> 2300 Hillsboro Road, Suite 305
> Nashville, TN 37212-4927.

9. Other defendants may be discovered in the course of litigation, and Mr. El-Salim respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10. Defendant uses mail in its business

11. The primary purpose of Defendant's business is the collection of debts.

12. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

13. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. Upon information and belief, Defendant does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

15. Defendant has alleged that Mr. El-Salim incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Wells Fargo Bank N.A. (hereinafter "Wells Fargo").

16. Mr. El-Salim has made no payments on the underlying account since before November 1, 2011.

### *November 7, 2011 Collection Letter*

17. On or about November 7, 2011, Defendant sent Mr. El-Salim an initial collection letter.

18. The November 7, 2011 collection letter was a communication as defined by 15 U.S.C. §1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

19. The November 7, 2011 collection letter states that, "**This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**" (See attached Exhibit A)(Bold in original).

20. The November 7, 2011 collection letter asserts that Defendant is collecting the account of "Wells Fargo Bank N.A.", Account/Reference No.: 4465420169689841, *Balance: $3,049.94". (See attached Exhibit A).

21. The November 7, 2011 letter asserted an amount due of $3,049.94 as of November 7, 2011.

22. The November 7, 2012 letter further states:

> *\*We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.*

3

(See attached Exhibit A)(italicized and bold in original).

23. Defendant's letter fails to assert at what rate the interest and/or fees are accruing.

### *December 21, 2011 Collection Letter*

24. Approximately one and a half months later, Defendant sent another collection communication dated December 21, 2011. (See attached Exhibit B).

25. The December 21, 2011 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

26. The December 21, 2011 collection letter states that, "**This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**" (See attached Exhibit B)(Bold in original).

27. The December 21, 2011 collection letter asserts that the Defendant is collecting on the account of "Wells Fargo Bank N.A.", Account/Reference No.: 4465420169689841, *Balance: $3,082.26".

28. The December 21, 2011 letter asserts an amount due of $3,082.26.

29. The December 21, 2011 collection letter further states:

> *\*We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.*

(See attached Exhibit B)(italicized and bold in original).

30. Defendant's letter fails to assert at what rate the interest and/or fees are accruing.

## Civil Summons/Warrant in Knox County General Sessions Court
### Issued on April 30, 2012

31. On or about April 30, 2012, Defendant filed a Civil Summons against Mr. El-Salim in Knox County General Sessions Court in Knoxville, Tennessee. (See attached Exhibit C).

32. The Civil Summons was filed by, and lists the Plaintiff of docket #9946H as "Portfolio Recovery Associates, LLC."

33. The Civil Summons asserts:

> STATE OF TENNESSEE, COUNTY OF KNOX 5th Sessions Court
> To Any Lawful Officer to Execute and Return:  Summon FAWAZ EL SALIM
> To appear before the General Sessions Court of Knox County, Tennessee, on the <u>June 27, 2012</u>, at <u>9:00 a.m.</u>, then and there to answer a civil action brought by Portfolio Recovery Associates, LLC as assignee of WELLS FARGO BANK N.A. in the amount of $3,194.89, plus prejudgment interest from time of assignment, court cost and post judgment interest, an amount under $25,000. (See attached Exhibit C)(underlined in original).

## Affidavit of Dianna D. Wiggins

34. The Affidavit of Dianna D. Wiggins, "Affidavit" (see attached Exhibit D).

35. The affiant, Dianna D. Wiggins, is the "Custodian of Records" for Portfolio Recovery Associates, LLC and is an "authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee")" who asserts:

> "I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Account Assignee and those records transferred to Account Assignee from **WELLS FARGO BANK N.A.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business." (See attached Exhibit D).

36. Affiant Dianna D. Wiggins goes on to assert that:

> According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due

and payable from FAWAZ EL SALIM ("Debtor") to the Account Seller the sum of $3,194.89 with respect to account number (************9841), as of <u>December 31, 2010</u> with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of sale. (See attached Exhibit D)(emphasis added).

37. Dianna D. Wiggins also asserts that:

    According to the records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $3,194.89 as due and owing <u>as of the date of this affidavit</u>. (See attached Exhibit B)(emphasis added).

38. Dianna D. Wiggins, Custodian of Records, signed this Affidavit on April 4, 2012.

39. The Affidavit was filed with the Civil Summons in Knox County General Sessions Court on or about April 30, 2012.

### *Statement of Account Attached to Civil Summons*

40. The Civil Summons has another attachment called "Statement of Account". (See Exhibit E).

41. The Statement of Account provides that the last payment made by Mr. El-Salim on this account was on April 30, 2010.

42. The Statement of Account also provides that the Defendant purchased Mr. El-Salim's account on June 28, 2011, the balance of the account at purchase was $3,194.89.

43. Despite many requests for documentation by Mr. El-Salim, Defendant has failed to produce a copy of any contract signed by Mr. El-Salim.

44. Defendant has conducted three hearings in Knox County General Sessions court and has failed to produce the signed contract at all three hearings.

45. This matter is still pending in the General Sessions Court for Knox County, Tennessee.

46. Mr. El-Salim has incurred costs and attorney fees for defending Defendant's state court lawsuit.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

47. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

48. The correspondences from the Defendant to Mr. El-Salim asserted that Mr. El-Salim owed different amounts.

49. A calculation of the time between letters and the amounts sought shows that each communication appears to demand interest and fees at varying amounts but none of the correspondence correctly applied the contractual rate of interest.

50. According to the Affidavit (see attached Exhibit D) and the Statement of Account (see attached Exhibit E), Mr. El-Salim owed $3,194.89 as of December 31, 2010, but then Defendant asserts that Mr. El-Salim owes $3,049.94 in its November 7, 2011 letter, therefore, the account balance has decreased by $144.95 in spite of no payments or credits to the account being made during that time.

51. The balance then increases by $32.32 from November 7, 2011 to December 21, 2011, but then increases by only $112.63 from December 21, 2011 to April 30, 2012, effectively demonstrating that Defendant is applying an inconsistent rate of interest and/or fees.

52. By assigning different account balances and interest rates to the same account, none of which apply the contract rate of interest, Defendant has confused Mr. El-Salim as to the actual amount Defendant demands from him on his account.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS

53. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

54. The actual amount of the alleged debt is certainly in question.

55. Mr. El-Salim's confusion as to the amount owed is exemplified through the facts that the amounts asserted vary wildly from Defendant's letters, the Statement of Account and the Affidavit.

56. In its Sworn Affidavit, Defendant states that the amount owed as of December 31, 2010 was $3,194.89, then the first collection letter seeks the amount of $3,049.94 as of November 7, 2011, then the second collection letter seeks the amount of $3,082.26 as of December 21, 2011, and finally the civil summons and Sworn Affidavit states the amount due is $3,194.89 on April 30, 2012.

57. By demanding amounts in 2011 that are less than the amount which they claimed was owed in 2010, without having received any payments on the account and then claiming the balance is increasing gradually before once again demanding the initial amount alleged, Defendant has confused Mr. El-Salim as to what amount of money he owes on the alleged debt and how Defendant is calculating the amount they demand from him.

58. Mr. El-Salim asserts that the constantly changing balances asserted by Defendant demonstrate that it has no knowledge of the correct amount owed, if any.

59. Defendant is making an attempt to keep Mr. El-Salim confused as to the amount owed so that if Mr. El-Salim were to make installment payments on this account he would never know the

actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

60. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

61. The letters from Defendant assert different balances owed, and after calculating the time that had passed between letters and the change in the amount owed, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original contract creating the debt.

62. The Civil Summons issued on April 30, 2012 demands a balance due of $3,194.89 "plus prejudgment interest from time of assignment, court cost and post judgment interest".

63. The Affidavit and Statement of Account attached to the Civil Summons shows no interest accruing on the account as the Affiant asserts that Mr. El-Salim's account balance was $3,149.89 as of December 31, 2010 and $3,194.89 as of "the date of this affidavit", April 4, 2012.

64. The balance of the debt then appears to have mysteriously decreased from December 31, 2010 since Defendant asserted a balance of $3,149.89 as of December 31, 2010 in its affidavit but then sent Mr. El-Salim a collection letter asserting a balance of $3,049.94 on

9
Case 3:12-cv-00661-TWP-CCS   Document 1   Filed 12/21/12   Page 9 of 11   PageID #: 9

November 7, 2011. The account balance goes down despite no payment having been made on the account.

65. Without a written contract signed by Mr. El-Salim, Defendant may not recover attorney's fees or a contract rate of interest on the underlying debt. ***Holcomb v. Cagle***, **277 S.W.3d 393, 397-98 (Tenn. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008**)).

66. As explained in the facts above, Defendant never provided a contract signed by Mr. El-Salim. Therefore, Mr. El-Salim asserts that Defendant never had a copy of the contract and thus is not entitled to recovery of any interest whatsoever.

67. Tennessee laws also require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the erratic, inconsistent, and negative amounts of interest demanded by Defendant is also attempts to collect an amount not permitted by law.

68. Defendant is not applying the contractual interest rate or a rate that is permitted by law.

69. As a result of Defendant's actions, Mr. El-Salim is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## SUMMARY

70. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

10
Case 3:12-cv-00661-TWP-CCS   Document 1   Filed 12/21/12   Page 10 of 11   PageID #: 10

## TRIAL BY JURY

71. Plaintiff is entitled to and hereby respectfully demands a trial by jury. USConst.amend.7.Fed.R.Civ.P.38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

    a)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

    b)    That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    c)    That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

    d)    That the Court declare all defenses raised by Defendant to be insufficient; and

    e)    That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 21st day of December, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868